Samuel Savell v. Commissioner. Max Savell v. Commissioner.
Savell v. Commissioner
Docket Nos. 21889, 21890, 21891, 21892, 21893.
United States Tax Court
1952 Tax Ct. Memo LEXIS 4; 11 T.C.M. (CCH) 1241; T.C.M. (RIA) 53006; December 31, 1952
Bernard Glazer, Esq., for the petitioners. Joseph Landis, Esq., for the respondent. MURDOCK determined deficiencies in income tax of the petitioners as follows: Docket
No.
Petitioner
Year
Deficiency
21890
Max Savell
1943
$ 687.97
21891
1944
124.00
21892
Samuel Savell
1943
245.65
21893
1944
22.00
21889
1945
8,742.13 The Commissioner also determined additions for fraud for each year under section 293 (b) but later waived all claim therefor and conceded that there is no deficiency against Max for 1944. The Commissioner determined for 1943 an addition of $37.90 against Max and one of $13.64 against Samuel for failure to file timely returns for that year, and no issue is raised in respect thereto. *5 The issue raised by the petitioners is that the Commissioner erred in increasing their incomes for each year over the amounts reported. The Commissioner, by an amended answer in the case of Samuel for the year 1945, claims an increased deficiency on the ground that he had a 25 per cent rather than a 20 per cent interest, as originally determined, in the Valley Poultry Company. Findings of Fact Max Savell and Samuel Savell filed returns for the taxable years with the collector of internal revenue for the District of Connecticut. The record does not show when the returns for 1943 were filed by either petitioner. Each petitioner after 1945 changed his name from Savelewitz to Savell. Morris Savelewitz, the father of the petitioners, carried on a poultry business in which he employed his two sons. He sold at retail during the years 1943 through 1945, except for a period in 1945 when he closed his retail business and joined with others in a partnership known as Valley Poultry Company which carried on a wholesale business during a part of 1945. Max was employed by his father in 1943 and received and reported a salary of $30 a week, or a total of $1,560. He also received from his *6 father additional compensation for 1943 of produce having a total value of $260, which he failed to report. Samuel received a salary of $30 a week from his father during 1943 and 1944. He reported that salary. He received but did not report $350 in 1943 in small amounts for living expenses from his father. He received a salary of $75 a week in 1945, either from his father or the partnership of which his father was a member. He also received from his father during 1943 and 1945 additional compensation of $260 per year in produce and at least $183.47 in 1944, which he did not report. Samuel was not a partner in the Valley Poultry Company. The following table shows how the Commissioner arrived at the amounts which he held were unreported income in determining the deficiencies: Max Savell
1943
1944
1945
Increase in war bonds
$ 562.50
Checks of M. Savelewitz & Sons, Inc. deemed to be
for personal expenses of Max
2,202.36
Estimated living expenses
1,000.00
Total income
$3,764.86
Income reported
1,560.00
Income unreported
$2,204.86
Samuel Savell
Increase in war bonds and savings accounts
$ 995.84
$ 358.55
$ 168.78
Checks of M. Savelewitz & Sons, Inc. deemed to be
for personal expenses of Sam
896.88
414.92
2,697.40
Estimated living expenses
1,000.00
1,000.00
1,000.00
Distributive share of Valley Poultry Company
20,872.73
Total income
$2,892.72
$1,773.47
$24,738.91
Income reported
1,560.00
1,590.00
4,387.26
Income unreported
$1,332.72
$ 183.47
$20,351.65
*7 The amounts shown in the above table as increase in war bonds and savings accounts and checks of M. Savelewitz & Sons, Inc., do not represent income of the petitioners. The amount shown in the above table as distributive share of Valley Poultry Company for 1945 does not represent taxable income of Samuel. Opinion MURDOCK, Judge: The petitioners concede that their living expenses were actually in excess of the $1,000 amounts used by the Commissioner in making his determination of the deficiencies. Expenses are not income. The petitioners have testified, without contradiction, that the amounts which the Commissioner has included in income representing purchases of war bonds and deposits in savings accounts did not represent compensation received by them but, on the contrary, represented gifts from relatives to newborn children, to them or members of their families on anniversary dates, and to Max when he went into the Army. Their testimony also shows that the checks referred to by the Commissioner do not represent income to the petitioners. They explained the checks made out to them except in a few instances where they had not even seen the checks. The father occasionally made *8 out a check to one of his sons and immediately endorsed it and used the money for his own purposes. The Commissioner determined that Samuel was a partner with a 20 per cent interest in Valley Poultry Company during the period of its existence in 1945 and claims an increased deficiency upon the ground that the interest was 25 per cent instead of 20 per cent. The evidence shows, however, that Samuel was not a partner in that firm. He was not a party to any written agreement, never joined in any oral agreement, never had a voice in the affairs of the business, never received any of the profits of the business except his salary of $75 a week and never received any other benefit from the partnership at any time during its existence or at its termination. The evidence indicates that each petitioner annually took home from the business for his own use $260 worth of eggs and poultry. Those amounts should have been reported as taxable income. Samuel testified that he was having difficulty in 1943 and 1944 getting along on his regular salary and his father on frequent visits to his house "slipped" him or his wife small amounts in order to help out. The record as a whole does not justify a *9 finding that those amounts were other than additional compensation for the service which Samuel rendered to his father. A finding has been made that he received $350 in that way in 1943 and that amount should be included in his income. However, the Commissioner has made no claim for an increased deficiency for 1944 and if $183.47 is added to his reported income to represent poultry and eggs taken home, the determination of the Commissioner will be fully supported. His total salary for 1945, plus $260 for poultry and eggs, is less than the total amount which he reported for that year but he makes no claim for an overpayment and it must be assumed that the difference represented some other income which has not been covered by the evidence in the case. There is no evidence to contradict the Commissioner's determination that additions are due under section 291 (a) for failure to file timely returns for 1943. Decision will be entered under Rule 50.